[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16072

_____

D.C. Docket No. 4:10-cv-00216-BAE-GRS

THERESA D. WALKER,

Plaintiff - Appellant,

versus

ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 4, 2013)

Before MARCUS and MARTIN, Circuit Judges, and SCRIVEN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida,
sitting by designation.

This is an appeal from the grant of summary judgment in favor of St. Joseph's/Candler Health System in a discrimination suit brought by Respiratory Therapist Theresa Walker. Walker alleged a discriminatory demotion based on her race and gender as well as retaliation for her filing with the EEOC.

Following over a dozen complaints from seven of her team members, Walker, who is African American, was demoted from her position as a "Team Leader" in the Respiratory Therapy Department at St. Joseph's/Candler Hospital. She was demoted by her manager, Harold Oglesby, who is also African American. Oglesby testified that due to the complaints against Walker, he no longer believed that she could successfully lead her team.

## I.

We review the grant of summary judgment de novo, "with evidence considered in the light most favorable to [Walker]." Rioux v. City of Atlanta, Ga, 520 F.3d 1269, 1274 (11th Cir. 2008). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264–1265 (11th Cir. 2010).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

2

against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1) (West 2012).

We analyze a circumstantial case of a discriminatory demotion under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[1]  That framework requires the plaintiff to establish a prima facie case of discrimination typically by showing she was a member of a protected class and was either replaced by someone outside her class or subjected to an adverse employment action in contrast to similarly situated comparators from outside her class.  See Rioux, 520 F.3d at 1275–1276.  The defendant must proffer legitimate, nondiscriminatory reasons for its actions in rebuttal.  If the defendant offers such reasons, the plaintiff must demonstrate pretext.  See Alvarez, 610 F.3d at 1264.  Regardless of presumptions, the ultimate burden lies with the plaintiff to show intentional discrimination.  See United States v. Crosby, 59 F.3d 1133, 1135 (11th Cir. 1995).

---

[1] Walker argues that she has presented direct evidence through two statements made by Oglesby, and through his shrug in response to a question about Walker's demotion posed by his secretary. The most offending of the statements proffered by Walker was Oglesby's alleged statement that Walker should go back to the night shift "to have peace and be with her own kind."  However, this Circuit employs a stringent standard for direct evidence.  "Direct evidence is evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (quotation marks omitted).  Because the "your own kind" statement does not prove race or gender discrimination without inference, it does not meet the standard for direct evidence in this Circuit.

We will assume that Walker established a prima facie case.  In response, St. Joseph's has given legitimate business reasons for demoting Walker.  With this background, we focus here on Walker's showing of pretext.

The inquiry as to pretext is based on "the employer's beliefs, and not the employee's own perceptions of [her] performance."  Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997).  This Circuit has explained that "to be blunt about it," the inquiry does not center "on reality as it exists outside of the decision maker's head."  Alvarez, 610 F.3d at 1266.  Thus,

> [a] plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer.  Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.

Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

A typical means of establishing pretext is through comparator evidence.  Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001); Sparks v. Pilot Freight Carriers, Inc., 830 F.2d 1554, 1563 n.20 (11th Cir. 1987).  A comparator is "a similarly-situated employee who committed the same violation of work rules, but who was disciplined less severely than [the plaintiff]."  Rioux, 520 F.3d at 1276.  "[T]o determine whether employees are similarly situated," this Court evaluates "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  Burke-Fowler v. Orange

4

County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (quotation marks omitted). "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). While comparator evidence can illustrate pretext, "[e]vidence that similarly situated employees were treated differently is of probative value, but does not always establish that intentional discrimination occurred." Crosby, 59 F.3d at 1135.

Pretext may also be established by proof of inconsistent statements or shifting explanations for the adverse employment decision, suggesting that the articulated reasons are recently fabricated or false. Compare Bechtel Constr. Co. v. Sec'y of Labor, 50 F.3d 926, 935 (11th Cir. 1995), and Tidwell v. Carter Products, 135 F.3d 1422, 1428 (11th Cir. 1998). Additionally, as the district court recognized, this Court has also found that "[l]anguage not amounting to direct evidence, but showing some racial animus, may be significant evidence of pretext once a plaintiff has set out a prima facie case." See District Court Opinion at 12 (quoting Jones v. Bessemer Carraway Med. Cntr., 151 F.3d 1321, 1323 n. 11 (11th Cir. 1998)).

Walker here urges all three bases to demonstrate that the reasons given for her demotion were pretextual. She contends comparators outside her protected

5

class were treated differently. She asserts she received positive performance reviews in past years that contradict the assertions being made to support her demotion. [2] Finally, she cites statements she claims were made by Mr. Oglesby[3] upon her demotion, see supra note 1, as proof that the articulated reasons now being offered for her demotion are pretextual and that the demotion was due to her race. Neither asserted basis for pretext is sustainable on this record.

With respect to comparators, Walker points out that her replacement as Team Leader, Rafael Agosto, a Hispanic male, and Rudy Oswell, a Caucasian male Education Coordinator and Staff Blood Gas Lab Supervisor, both generated staff complaints but were not demoted. The proffered "violations" and resulting discipline for Agosto and Oswell do not establish pretext. Agosto is not a proper comparator in light of the quality and quantity of the complaints against him. There were two complaints against Agosto, only one of which had a paper record and neither of which concerned his leadership abilities. Walker, in contrast, had over a dozen complaints from seven different employees, and all complaints were directed toward her leadership style. Oswell is not a proper comparator because as

---

[2] This district court summarily disposed of the suggestion that the employer's reasons as articulated on this record and presented to the EEOC were shifting or inconsistent, properly concluding that "Defendant's reasons and justifications [for Walker's termination] have not shifted."

[3] Walker argues that even if the statements cannot be considered as direct evidence of discriminatory animus in her demotion decision, they can be used as circumstantial evidence and could be considered by a jury in combination with the full record to conclude that the articulated reasons for her demotion are pretextual.

an Education Coordinator, he had different duties and little leadership responsibility. While he did have one complaint lodged against him at a time when he held the titular position of "Team Leader," that single incident is distinguishable from Walker's record. Walker's arguments fail to support her claim of a discriminatory demotion.

With regard to prior positive job reviews, Walker argues that she was recognized as a good team leader and received positive written performance reviews and those who complained were just troublemakers. In fact, the undisputed record shows that, though she was not formally disciplined, her supervisor witnessed what he perceived to be inappropriate behavior by Walker towards another employee and noted it in her file. Additionally, her last written positive review was given before the complaints relied upon for her demotion began. In any event, this argument is of no help to Walker because this Court does not sit as a "super-personnel department," second-guessing whether Walker's demotion was prudent. See Alvarez, 610 F.3d at 1266.

Walker's assertion that Oglesby's alleged statement to her and his "non-response" to his assistant are sufficient to rebut the employer's articulated legitimate business reasons also fails. Though abhorrent, if made, Oglesby's single isolated comment and his shrug in response to another employee's analysis of the circumstances of Walker's demotion are insufficient under our precedent to

7

establish that racial animus played a role in her demotion.  Nor are they sufficient to overcome the undisputed evidence that the employer had been made aware of over a dozen complaints from seven of her team members concerning Walker's work performance and treatment of subordinates.

III.

Walker also argues that she was retaliated against because she filed a charge with the EEOC.  Walker bases her retaliation claim primarily on her transfer to the Physical Therapy Department more than eighteen months after filing with the EEOC, but also on her belief that St. Joseph's did not investigate her personnel complaints.

The record establishes that a work-related injury prevented Walker from performing her job as a Respiratory Therapist, yet the hospital continued to employ her for nearly five more years.  In light of her inability to do the work of a respiratory therapist, St. Joseph's has offered a legitimate business reason for her transfer out of the Respiratory Therapy Department.  Also, the record demonstrates that St. Joseph's did in fact investigate her complaints.  Walker has not carried her burden to demonstrate that the reasons given by St. Joseph's to explain its actions were pretext.  Thus, Walker has failed to present sufficient evidence of a retaliatory demotion or retaliation.  For these reasons, the judgment of the district court is AFFIRMED.